## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**GARY LEE PRATER,**
**Claimant Below, Petitioner**

**FILED**

March 30, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)     No. 16-0369** (BOR Appeal No. 2050925)
                    (Claim No. 910020791)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER,**
**Commissioner Below, Respondent**

**and**

**ALMA DEVELOPING, INC.,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner Gary Lee Prater, pro se, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of the Insurance Commissioner, by Brandolyn N. Felton-Ernest, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated March 29, 2016, in which the Board affirmed, in part, and reversed, in part, an October 28, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed, in part, and reversed, in part, the claims administrator's March 27, 2015, decisions which denied authorization of the medications Hydrocodone, Fioricet, and Zoloft. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mr. Prater, a coal miner, was injured in the course of his employment on June 13, 1991, when a piece of slate fell on him. Diane Shaffer, M.D., completed the physician's section of the report of occupational injury and listed the injuries as head trauma, acute cervical sprain, and acute lumbar sprain. A lumbar MRI taken in April of 1999 showed mild degenerative changes in the lumbar spine. There were mild disc bulges at L3-4 and L4-5. At L4-5 there was also a mild left foraminal disc protrusion. A moderate bulging disc with a small protrusion was seen at L5-S1.

On November 3, 2000, David Jenkinson, M.D., performed an independent medical evaluation in which Mr. Prater sustained fractured teeth, a lacerated forehead, and injuries to his knee, cervical spine, and lumbar spine as a result of the compensable injury. He subsequently underwent two left knee surgeries. At the time of evaluation, Mr. Prater reported pain on the left side of his neck, the medial aspect of his knee, and the lumbar spine. On examination, he had tenderness in the cervical spine but full range of motion. The lumbar spine and left knee had full range of motion with no pain complaints. Dr. Jenkinson diagnosed minor cervical strain, status post left knee medial menisectomy, and minor low back strain. He assessed 5% impairment for the cervical spine and 1% for the left knee for a total of 6% whole person impairment.

On August 14, 2003, the claims administrator authorized the medications Ranitidine, Zoloft, Butalbital, Alprazolam, and Hydrocodone. A treatment note by Ronald Mann, M.D., dated August 18, 2014, indicates Mr. Prater continued to have back pain and tenderness. He diagnosed neck and back pain. Mr. Prater underwent a drug screen which was positive for opioids. On November 17, 2014, Dr. Mann stated in a treatment note that Mr. Prater had neck and back pain that was essentially stable and unchanged. He noted that he requires the prescribed medications for functionality. Mr. Prater again underwent a drug screen which was positive for opioids. On March 11, 2015, Mr. Prater again underwent a urine drug screen which was negative for all tested medications. Dr. Mann recommended he take his medication as prescribed. On March 24, 2015, Dr. Mann wrote a letter to the claims administrator stating that Mr. Prater was prescribed Hydrocodone, Nexium, Neurontin, Zoloft, Celebrex, and Fioricet due solely to the compensable injury.

On March 27, 2015, the claims administrator denied an authorization request for Hydrocodone. It noted that Mr. Prater tested negative for the medication on March 11, 2015. That same day, the claims administrator also denied an authorization request for Fioricet. It stated that the medication is a barbiturate and Mr. Prater tested negative for it on February 11, 2015; November 17, 2014; and August 18, 2014, indicating the drug was not in his system. The claims administrator noted that Fioricet treats Mr. Prater for muscle contraction headaches, a non-compensable condition. In a final March 27, 2015, decision, the claims administrator denied an authorization request for Zoloft. It found that the medication was to treat anxiety and sleep difficulties, neither of which are compensable conditions.

Dr. Mann wrote a letter in June of 2015 stating that he has treated Mr. Prater for the work-related injury since September of 1999. He suffers from back pain and muscle spasms daily. His current medications allow him to function but he has difficulty obtaining them through

workers' compensation. He continues to require the medication for his daily living. In a second letter dated July 8, 2015, Dr. Mann stated that Mr. Prater continued to take Hydrocodone, Nexium, Neurontin, Zoloft, Celebrex, and Fioricet. He asserted that the medications are required solely due to the compensable injury, and he will continue to require the medications long term as his injuries will progress with time.

The Office of Judges reversed the claims administrator's decisions denying Hydrocodone and Fioricet on October 28, 2015. It found that Mr. Prater showed by a preponderance of the evidence that the medications are necessary to treat his compensable injury. Dr. Mann wrote a letter stating that Hydrocodone and Fioricet were prescribed solely to treat the work-related injury. He said they are necessary for chronic pain, quality of life, and functionality. Dr. Mann even identified the instant claim as the basis of his request. The West Virginia Office of the Insurance Commissioner argued before the Office of Judges that Mr. Prater failed urine drug screens because he did not have opiates or barbiturates in his system when he was tested. The Office of Judges determined that he did not fail a drug test and that Dr. Mann never stated that he failed to comply with his medication regimen. The Office of Judges stated that Dr. Mann is aware of Mr. Prater's medications and would be obliged to take action if he believed they were being abused. Finally, the Office of Judges found that the West Virginia Office of the Insurance Commissioner failed to submit any medication evidence supporting its argument that the medications would treat unrelated degenerative conditions. In its Order, the Office of Judges also affirmed the claims administrator's denial of the medication Zoloft. The Office of Judges found that the medication was properly denied because there is no evidence the claim is compensable for a psychiatric condition. Dr. Mann's letters indicate that Zoloft is used to treat anxiety and sleep problems, which are unrelated to the compensable injury.

The Board of Review affirmed the Office of Judges' Order insofar as it denied the medication Zoloft. The Board of Review reversed the Office of Judges insofar as it authorized the medications Hydrocodone and Fioricet. The Board of Review found that per West Virginia Code of State Rules § 85-20-53 and § 85-20-54-62 (2006) specific documentation is required when controlled substances are prescribed beyond the time limit periods set out after the initial injury. As Mr. Prater was injured in 1991, this documentation is required. Dr. Mann's reports failed to provide the necessary documentation for authorization of Hydrocodone. Regarding Fioricet, Dr. Mann stated on March 24, 2015, and July 8, 2015, that the medication was to treat muscle contraction headaches, a non-compensable condition.

After review, we agree with the reasoning and conclusions of the Board of Review. As Hydrocodone is a controlled substance, the requirements of West Virginia Code of State Rules § 85-20-53 apply in this case and proper documentation of the necessity of exceeding the time limits was not provided. Additionally, the medications Fioricet and Zoloft are for the treatment of a non-compensable condition.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: March 30, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Elizabeth D. Walker

**DISSENTING:**
Justice Menis E. Ketchum